O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAWN LESTER | ) | Case No. |
| | ) | CV 11-06833 JGB (Ex) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| IPC INTERNATIONAL CORP.; | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     Before the Court are (1) Plaintiff's Motion for Leave
to File a First Amended Complaint ("Motion for Leave")
(Doc. No. 14); (2) Plaintiff's Motion to Remand Case to
Los Angeles Superior Court ("Motion to Remand") (Doc. No.
17); and (3) Defendants' Motion for Summary Judgment
("MSJ") (Doc. No. 13).  After considering all papers
submitted in support of and in opposition to the motions,
and the arguments advanced by counsel at the March 11,
2013 hearing, the Court (1) DENIES Plaintiff's Motion for

Leave; (2) DENIES Plaintiff's Motion to Remand; and (3) GRANTS Defendants' Motion for Summary Judgment.

## I.   BACKGROUND

**A.   Factual and Procedural Background**

On May 15, 2009, Plaintiff Shawn Lester was assaulted and stabbed by a group of men in the parking lot of the Pike at Rainbow Harbor ("the Pike"), a retail and entertainment establishment located at 30 W. Shoreline Drive, Long Beach, California. (See Not. of Removal ("Not."), Ex. A ("Complaint") at 4 (Doc. No. 1).)  Lester filed his Complaint in the California Superior Court for the County of Los Angeles on April 28, 2011, alleging claims for negligence and premises liability against IPC International Corp. ("IPC"); Oxford Property Mgmt. Corp.;[1] Developers Diversified Realty Corp. ("DDRC"); and DOES 1 to 10.  (See id.)  Defendants IPC and DDRC timely removed the action to this Court on August 19, 2011. (Not.)

Defendants filed their MSJ on December 14, 2012 (Doc. No. 13), attaching

_____

[1] Lester voluntarily dismissed Oxford Property Mgmt. Corp. as a Defendant on August 19, 2011. (See Not. at 2, Ex. A.)

(1)   Statement of Uncontroverted Facts ("SUF") (Doc. No. 13-2);

(2)   Declaration of Litsa Georgantopoulos (Doc. No. 13-3), which attached

    (A)   Lester's Complaint (Ex. A);

    (B)   Defendants' Notice of Removal (Ex. B);

    (C)   the Court's March 1, 2012 Scheduling Order (Ex. C);

    (D)   June 6, 2012 Stipulation re Expert Discovery (Ex. D);

    (E)   Deposition of Shawn Lester (Ex. E);

    (F)   IPC's Interrogatories to Lester (Ex. F);

    (G)   DDRC's Interrogatories to Lester (Ex. G);

    (H)   Lester's Response to IPC's Interrogatories (Ex. H);

    (I)   Lester's Response to DDRC's Interrogatories (Ex. I);

    (J)   DDRC's Request for Production of Documents (Ex. J);

    (K)   Lester's Response to DDRC's Request for Production of Documents (Ex. K); and

    (L)   Lester's Response to IPC's Request for Production of Documents (Ex. J);

(3)   Declaration of John Case (Doc. No. 13-4), which attached John Case's resume (Ex. A);

(4)   Declaration of Donald Lantz (Doc. No. 13-5); and

1     (5) Declaration of David Lopez (Doc. No. 13-6),

2          which attached a security log for The Pike.

3          (Ex. A).

4

5     On January 7, 2013, Lester filed his Opposition ("MSJ

6  Opp'n") (Doc. No. 26); Statement of Genuine Issues

7  ("SGI") (Doc. No. 27); Declaration of Fred Del Marva

8  (Doc. No. 28); and Declaration of Brian L. Larsen (Doc.

9  No. 29).  On January 14, 2013, Defendants filed (1) their

10 Reply (Doc. No. 31); (2) a Request for Judicial Notice

11 ("RJN")of the Court's March 1, 2012 scheduling Order and

12 of the June 6, 2012 Stipulation Regarding Expert

13 Discovery (Doc. No. 32)[2]; and (3) objections to Lester's

14 evidence ("Objections") (Doc. No. 33).  Lester then filed

15 a Supplemental Declaration of Fred Del Marva in

16 Opposition to Defendants' MSJ on January 25, 2013.  (Doc.

17 No. 38.)

18

19    On December 18, 2012, Lester filed his Motion for

20 Leave and his Motion to Remand.  Along with his Motion to

21 Remand, Lester submitted a Declaration of Shawn Lester

22 (Doc. No. 19) and a Declaration of Brian Larsen (Doc. No.

23 20).  Lester submitted a supplemental Declaration of

24

25         [2] The Court grants Defendants' Request for Judicial
26 Notice, as the submitted documents are court filings and
   other matters of public record.  See Reyn's Pasta Bella,
27 LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir.
   2006) (citing Burbank-Glendale-Pasadena Airport Auth. v.
28 City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)).

Brian Larsen on January 4, 2013.  (Doc. No. 22.)
Defendants opposed both motions on January 7, 2013 (Doc.
Nos. 24, 25), and Lester filed his Reply for both motions
on January 14, 2013 (Doc. Nos. 34, 35).

## II.   LEGAL STANDARD

## A.   Leave to File Amended Complaint

       Federal Rule of Civil Procedure 15 provides that
leave to amend "shall be freely given when justice so
requires."  Fed. R. Civ. P. 15(a).  The Ninth Circuit has
held that "'[t]his policy is to be applied with extreme
liberality.'"  Eminence Capital, L.L.C. v. Aspeon, Inc.,
316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v.
Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th
Cir. 2001)).  Leave to amend is not automatic, however.
The Ninth Circuit considers a motion for leave to amend
under five factors:  bad faith, undue delay, prejudice to
the opposing party, the futility of amendment, and
whether the plaintiff has previously amended his or her
complaint.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th
Cir. 2004).  The Ninth Circuit has held that "it is the
consideration of prejudice to the opposing party that
carries the greatest weight."  Eminence Capital, 316 F.3d
at 1052.  Further, the Ninth Circuit "differentiate[s]
between pleadings attempting to amend *claims* from those

seeking to amend *parties.*  Amendments seeking to add claims are to be granted more freely than amendments adding parties."  Union Pac. R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991) (citing Miles v. Dep't of Army, 881 F.2d 777, 782 (9th Cir. 1989).

**B.   Remand**

Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441, et seq.  The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal.  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).  The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

**C.   Summary Judgment**

A court shall grant a motion for summary judgment when there is no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter
of law.  Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty
Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  The moving
party must show that "under the governing law, there can
be but one reasonable conclusion as to the verdict."
<u>Anderson</u>, 477 U.S. at 250.

Generally, the burden is on the moving party to
demonstrate that it is entitled to summary judgment.  <u>See
Margolis v. Ryan</u>, 140 F.3d 850, 852 (9th Cir. 1998)
(citing <u>Anderson</u>, 477 U.S. at 256-57); <u>Retail Clerks
Union Local 648 v. Hub Pharmacy, Inc.</u>, 707 F.2d 1030,
1033 (9th Cir. 1983).  The moving party bears the initial
burden of identifying the elements of the claim or
defense and evidence that it believes demonstrates the
absence of an issue of material fact.  <u>Celotex Corp. v.
Catrett</u>, 477 U.S. 317, 323 (1986).  Because summary
judgment is a "drastic device" that cuts off a party's
right to present its case to a jury, the moving party
bears a "heavy burden" of demonstrating the absence of
any genuine issue of material fact.  <u>See Avalos v. Baca</u>,
No. 05-CV-07602-DDP, 2006 WL 2294878 (C.D. Cal. Aug. 7,
2006) (quoting <u>Nationwide Life Ins. Co. v. Bankers
Leasing Ass'n, Inc.</u>, 182 F.3d 157, 160 (2d Cir. 1999)).

Where the non-moving party has the burden at trial,
however, the moving party need not produce evidence

7

1  negating or disproving every essential element of the

2  non-moving party's case.  <u>Celotex</u>, 477 U.S. at 325.

3  Instead, the moving party's burden is met by pointing out

4  that there is an absence of evidence supporting the non-

5  moving party's case.  <u>Id.</u>; <u>Horphag Research Ltd. v.</u>

6  <u>Garcia</u>, 475 F.3d 1029, 1035 (9th Cir. 2007).  "[A]

7  summary judgment motion may properly be made in reliance

8  solely on the 'pleadings, depositions, answers to

9  interrogatories, and admissions on file.'"  <u>Celotex</u>, 477

10  U.S. at 324 (quoting Fed. R. Civ. P. 56(c)).

11

12      The burden then shifts to the non-moving party to

13  show that there is a genuine issue of material fact that

14  must be resolved at trial.  Fed. R. Civ. P. 56(c);

15  <u>Celotex</u>, 477 U.S. at 324; <u>Anderson</u>, 477 U.S. at 256.  The

16  non-moving party must make an affirmative showing on all

17  matters placed in issue by the motion as to which it has

18  the burden of proof at trial.  <u>Celotex</u>, 477 U.S. at 322;

19  <u>Anderson</u>, 477 U.S. at 252.  <u>See also</u> William W.

20  Schwarzer, A. Wallace Tashima & James M. Wagstaffe,

21  <u>Federal Civil Procedure Before Trial</u> § 14:144.  A genuine

22  issue of material fact will exist "if the evidence is

23  such that a reasonable jury could return a verdict for

24  the non-moving party."  <u>Anderson</u>, 477 U.S. at 248.

25

26      In ruling on a motion for summary judgment, a court

27  construes the evidence in the light most favorable to the

28

1  non-moving party.  <u>Scott v. Harris</u>, 550 U.S. 372, 378,

2  380 (2007); <u>Barlow v. Ground</u>, 943 F.2d 1132, 1135 (9th

3  Cir. 1991); <u>T.W. Elec. Serv. Inc. v. Pac. Elec.</u>

4  <u>Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1987).

5

6  **III. MOTIONS FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

7  **AND FOR REMAND**

8

9       Plaintiff requests leave from the Court to file a

10 First Amended Complaint in which he adds the City of Long

11 beach as a defendant, which would destroy this Court's

12 diversity jurisdiction under 28 U.S.C. § 1332.  (<u>See</u> Mot.

13 for Leave at 1-2; Mot. to Remand at 2.)  In light of the

14 overlapping arguments in support of and in opposition to

15 Lester's Motion for Leave and Motion to Remand, the Court

16 considers them together here.

17

18      Lester filed both motions on December 18, 2012.  The

19 deadline for parties to file motions in this matter was

20 December 14, 2012.  (<u>See</u> March 1, 2012 Scheduling Order.)

21 Lester had not sought leave of the Court for these late

22 filings.  On January 4, 2013, Lester filed a declaration

23 from his counsel, Brian L. Larsen.  Larsen declared, "On

24 the morning of Friday, December 14, 2012, I attempted to

25 file the PDF documents for the two motions via the ECF

26 system for the United States District Court, Central

27

28

District of California. I made multiple attempts to do so and was unsuccessful because the system did not recognize my ECF log-in and password." (Jan. 4, 2013 Larson Decl. ¶ 4.)

Under the Local Rules governing procedure for "Technical Failures," if a filer is unable to file a document via ECF,

> the document will be accepted for filing by the Clerk in paper format that same day, if time permits. If a filer has complied with this section, and the delay of being unable to file a document electronically causes the document to be untimely, the filing shall be accompanied by a declaration or affidavit setting forth the facts of the CM/ECF User's failed attempts to file electronically, together with an appropriate application for leave to file the document.

L.R. 5-4.6.2 Lester and his counsel failed to comply with the Local Rules, nor did they ever attempt to modify the Scheduling Order as permitted "for good cause and with the judge's consent" by Federal Rule of Civil Procedure 12(b)(4). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)(quoting Fed. R. Civ. Proc. 16 advisory committee's notes (1983 amendment) ( "[The] 'good cause' standard primarily considers the diligence of the [moving] party," permitting "the district court [to] modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the [moving] party.'").

Though Lester never attempted to modify the
Scheduling Order, the Court notes that, even if he had,
there is no apparent evidence of good cause that could
have supported the modification.  Lester states that "it
was not until the end of November of 2012 that it was
discovered that the City of Long Beach was the true owner
of the parking lot where Plaintiff Lester was attacked."
(Mot. for Leave at 3.)  Lester does not explain or
justify why he waited well over a year after filing his
Complaint to determine who owns the property on which he
was attacked and who is therefore a proper defendant.
Nor does Lester explain why, upon discovering this new
information in late November, he did not attempt to
modify the scheduling order to submit a motion based on
this newly discovered information.  Thus, the Court finds
that Lester's Motion for Leave and Motion to Remand are
untimely and that Lester has not provided good cause for
contravening the Court's Scheduling Order.  Therefore,
the Court STRIKES Lester's Motion for Leave and Motion to
Remand.

### IV. MOTION FOR SUMMARY JUDGMENT

**A.   Preliminary Matters**

Lester combines his SGI with his "Objections to
Defendants' Purported Uncontroverted Facts."  (SGI at 7.)

It is unclear whether Lester's objections are attempts to controvert Defendants' submitted facts or are claims that the evidence relied on by Defendants is inadmissible. Whatever Lester's intent, the Court does not rely on any of the evidence or submitted facts challenged in Lester's objections.

On January 25, 2013, three days before the initial hearing date and eleven days after Defendants filed their Reply, Lester filed a supplemental declaration of expert witness Fred Del Marva. Del Marva attached to his declaration "Calls for Service Log" documents from the Long Beach City Police Department. (Del Marva Supplem. Decl. ¶ 2.) Lester provides no explanation for why this document was not timely filed or why Lester could not have procured this information earlier. As this document was filed after Defendants' Reply and only three days before the initial hearing date, Defendants did not have a fair opportunity to challenge or respond to the declaration or its attached evidence. Thus, the Court does not consider Del Marva's supplemental declaration.

The Court does, however, consider Del Marva's January 7, 2013 declaration submitted along with Lester's Opposition. Defendants argue that Del Marva's declaration should be disregarded because Lester did not timely designate Del Marva as an expert and because

Lester provided Defendants with Del Marva's expert report one day before the expert discovery cut-off. (<u>See</u> Reply at 3.)  As with the untimely filings discussed above, Lester did not comply with the set deadlines regarding his expert witness.  Defendants, however, never contacted Lester's counsel to depose Del Marva or to meet and confer regarding any objections they might have had to Lester's expert witness disclosure.  <u>Cf.</u> <u>Harvey v. Dist. of Columbia</u>, 949 F. Supp. 874, 877 (D.D.C. 1996).  Thus, the Court finds that considering Del Marva's declaration as evidence in opposition to Defendants' MSJ is appropriate and not unduly prejudicial to Defendants.

**B.   Undisputed Facts**

The following material facts are supported adequately by admissible evidence and are uncontroverted.  They are "admitted to exist without controversy" for purposes of the Motion.  L.R. 56-3.  The Court notes that Defendants submitted 42 facts in their SUF.  In his SGI, Lester does not directly dispute Defendants' submitted facts, but appears to submit seven different purported facts.[3] Thus, the Court deems the following facts submitted by Defendants to be supported by adequate evidence and

_____

[3] Several of Lester's purported facts are legal conclusions, not factual assertions, and are thus not considered in determining whether there is a genuine dispute of material fact in this matter.

13

1  uncontroverted by Lester.  <u>See id.</u> (facts not
2  "controverted by declaration or other written evidence"
3  are assumed to exist without controversy); Fed. R. Civ.
4  P. 56(e)(2) (stating that where a party fails to address
5  another party's assertion of fact properly, the court may
6  "consider the fact undisputed for purposes of the
7  motion").
8
9       On May 14, 2009, Lester joined a group of friends at
10 a bar at the Pike, a retail and entertainment
11 establishment located at 30 W. Shoreline Drive, Long
12 Beach, California. (SUF ¶¶ 1-3; Compl.)  At approximately
13 2:00 a.m. on May 15, 2009, Lester was in the parking lot
14 outside the Pike when a car pulled up to him.  (SUF ¶¶ 5,
15 6; Lester Dep. at 12:15-19, attached as Ex. E to
16 Georgantopoulos Decl.)  Six men exited the automobile and
17 assaulted Lester, with one attacker stabbing him.  (SUF
18 ¶¶ 6, 8.)  Lester fell backwards; his head collided with
19 the curb and he lost conciousness.  (<u>Id.</u> ¶ 9.; Lester
20 Dep. at 65:11-66:5.)  The attackers returned to their car
21 and sped out of the parking lot approximately two-to-four
22 minutes after the altercation began.  (<u>Id.</u> ¶¶ 10, 11.)
23 Lester was treated for his injuries, which were found to
24 not be life-threatening, and was released from St. Mary's
25 Medical Center on May 16, 2009.  (<u>Id.</u> 14.)
26
27
28

IPC was contracted by DDRC to provide security
services at the Pike.  (Id. 15.)  IPC does not own the
Pike.  (Id. ¶ 42.)  Fifteen minutes before Lester was
attacked, IPC security personnel conducted a routine
patrol of the area and found nothing unusual or
suspicious.  (Id. ¶ 32.)

## C.  Controverted Facts

Defendants' material facts that Lester attempts to
controvert relate to whether Lester's assault and
stabbing were foreseeable.  Defendants submit that their
expert in "security standards" and "crime foreseeability"
"concluded that . . . the incident on May 16, 2009 was
spontaneous; lacking any forewarning that would make it
foreseeable or able to be prevented by additional
security personnel or measures."  (SUF ¶ 29.)  Defendants
also submit that "[a] review of the incident reports
maintained by the IPC security personnel at the Pike
establishes that no prior similar criminal incidents had
occurred at the Pike."  (SUF ¶ 31.)

Lester contends that "[p]rior violent fights and
criminal incidents had occurred at Pike Place."  (SGI ¶
1.)  In support of this assertion, Lester provides his
own deposition, in which he testifies that he remembers
one occasion where he saw "people fighting" in an

15

"incident involving a party boat." (Lester Dep at 32:1-35:1.) Lester further stated that police were called to that area of the Pike "countless" times. (<u>Id.</u> at 35:5-6.)  Finally, Lester submits the testimony of his expert witness, Del Marva, who states that Pike Place, by his own calculations, is in a high crime area. (SGI ¶ 1; Del Marva Decl. ¶ 10, Ex. B.)

    Lester does not sufficiently dispute Defendants' submitted fact that "no prior similar criminal incidents had occurred at the Pike." (SUF ¶ 31.)  Lester's own vague recollections of witnessing altercations between people coming off a "party boat" and his unsupported claim about police responding to incidents "countless" times are insufficient, as is Del Marva's broad assessment of the Pike being located in a high crime area.  Lester submits no evidence related to attacks in the parking lot where he was attacked or prior attacks occurring in the hours around 2:00 a.m.

    Lester's evidence described above is not sufficient to controvert Defendants' propounded fact regarding prior similar criminal incidents at the Pike.  Nevertheless, the Court considers this evidence as evidence submitted by Lester to establish foreseeability.  That is, the facts submitted by Lester and Defendants regarding prior incidents of criminal activity at the Pike are not

irreconcilable.  The direct matter of dispute between the
parties is not the existence of any fact, but whether the
attack on Lester was foreseeable.  (See SUF ¶ 29; SGI ¶
2.)  This is not a dispute of material fact, but rather
"a question of law to be decided by the court."  Sharon
P. v. Arman, Ltd., 21 Cal. 4th 1181, 1188 (1999),
overruled on other grounds Aguilar v. Atl. Richfield Co.,
25 Cal. 4th 826 (2001) (internal quotation marks
omitted).  Thus, the Court finds that Lester's submitted
evidence does not dispute any facts submitted by
Defendants regarding prior criminal acts at the Pike.

**D.  Discussion**

    **1.  Negligence**

    A negligence claim has four required elements: "(1)
the duty of the defendant with respect to the injured
person's injury; (2) the violation of that duty; (3) the
causal relation between the defendant's conduct and the
injury suffered; and (4) the plaintiff's loss, i.e.,
damages." Premo v. Grigg, 237 Cal. App. 2d 192, 195
(1965). "'Whether a legal duty exists in a given case is
primarily a question of law.'"  Nymark v. Heart Fed. Sav.
& Loan Ass'n, 231 Cal. App. 3d 1089, 1095 (1991) (quoting
Wylie v. Gresch, 191 Cal. App. 3d 412, 416 (1987)).
Defendants argue that "Lester cannot, as a matter of law,

1 show that the IPC Defendants owed him a duty of care to

2 prevent the attack; therefore, his negligence claim

3 fails." (<u>Id.</u> at 8.) The Court agrees for the following

4 reasons.

5

6     In California, "the scope of a commercial landlord's

7 duty of care . . . includes the taking of 'reasonable

8 steps to secure common areas against foreseeable criminal

9 acts of third parties that are likely to occur in the

10 absence of such precautionary measures.'" <u>Sharon P.</u>, 21

11 Cal. 4th at 1185 (quoting <u>Ann M. v. Pac. Plaza Shopping</u>

12 <u>Center</u> 6 Cal. 4th 666, 674 (1993)). Thus, the Court must

13 first determine whether the attack on Lester was

14 reasonably foreseeable under the circumstances.

15

16     In <u>Sharon P.</u>, the plaintiff parked her car in a Los

17 Angeles office building's parking garage at 11:00 a.m.

18 <u>Id</u>. As she was preparing to exit her car, a man

19 approached her with a gun, forced her back into the car,

20 and sexually assaulted her. <u>Id.</u> The plaintiff filed a

21 lawsuit against the owner of the premises and the company

22 that provided parking services for the owner. <u>Id.</u> The

23 Court found that the defendants did not owe the plaintiff

24 a duty of care, finding that "the prior robberies

25 [submitted by the plaintiff as evidence of

26 foreseeability], which all specifically targeted a bank

27 elsewhere on the premises and did not involve violent

28

18

attacks against anyone, were not sufficiently similar to the sexual assault inflicted upon plaintiff to establish a high degree of foreseeability that would justify the imposition of such an obligation." <u>Id.</u> at 1119.

Lester provides no evidence to show that a spontaneous assault in a parking lot by a group of people who were present solely to commit that assault was foreseeable.  Lester submits Del Marva's conclusion that "the fact that the defendants had hired contract security to prevent and deter the foreseeable problems[] establishes foreseeability." (Del Marva. Decl. ¶ 10.) The Court disagrees.  The question is not whether any problem requiring security is foreseeable, but whether the specific injury suffered by the plaintiff was foreseeable.  <u>See, e.g.</u>, <u>Ludwig v. City of San Diego</u>, 65 Cal. App. 4th 1105 (analyzing whether the plaintiff's specific injury caused by a collapsed excavated trench was foreseeable).

Lester's recollections of "people fighting" in various places at the Pike in incidents involving bars and party boats is also insufficient to establish foreseeability. (<u>See</u> SGI ¶ 2.)  In addition to this evidence bearing only a remote connection to the injury suffered by Lester, it constitutes a "'conclusory, self-serving affidavit, lacking detailed facts and any

supporting evidence,'" and is thus "insufficient to create a genuine issue of material fact." <u>Range Rd. Music, Inc. v. E. Coast Foods, Inc.</u>, 668 F.3d 1148, 1152 (9th Cir. 2012)(quoting <u>FTC v. Publ'g Clearing House, Inc.</u>, 104 F.3d 1168, 1171 (9th Cir. 1997)).  Finally, Del Marva's testimony about the high crime rate similarly fails to establish that the spontaneous attack against Lester was foreseeable.

Thus, the uncontroverted facts establish that the attack on Lester was not foreseeable and, therefore, that Defendants did not owe Lester a duty of care to protect him from that attack.  <u>See</u> <u>Ludwig</u>, 65 Cal. App. at 1112 (affirming the statement in <u>Sturgeon v. Curnutt</u>, 29 Cal. App. 4th 301 (1994) that "[i]f the Court concludes the injury was not foreseeable, there was no duty.").  Therefore, as Lester cannot prove the first element of negligence, Defendants are entitled to summary judgment on Lester's negligence claim.

## 2.  Premises Liability

Lester's claim for premises liability against the owners of the property must also fail because Defendants' have submitted uncontroverted facts establishing that they did not owe Lester a duty of care, as discussed above.  <u>See</u> <u>Delgado v. Trax Bar & Grill</u>, 36 Cal. 4th 224,

237 (2005) (finding that the duty of care regarding premises liability for a business proprietor extends only to foreseeable criminal acts that are likely to occur). Furthermore, Defendants have submitted uncontroverted evidence that IPC does not own the Pike.  (See id. ¶ 42; Lantz Decl. ¶ 4 ("IPC International Corporation is not the owner or manager of the Pike."); SGI (failing to dispute that IPC does not own the Pike or submit evidence that it does).)  Thus, as IPC has established that it does not own the premises, it cannot be found liable under a theory of premises liability.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment.

JS - 6

Dated:  March 12, 2013

_____
Jesus G. Bernal
United States District Judge